[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13521
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 27, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00274-CV-BH-L

KENNETH W. RAYBON,

Plaintiff-Counter
Defendant-Appellant,

versus

CONTINENTAL TIRE NORTH
AMERICA, INC.,

Defendant-Counter
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 27, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

The central issue in this case is the validity of a Separation Agreement entered into by an employee, Kenneth Raybon, and his employer, Continental Tire North America, Inc. ("Continental"). The Agreement provided Raybon with a early retirement package in exchange for his release of any discrimination claims he might have against Continental.[1] Raybon claims that Continental fraudulently induced him to make the Agreement; hence, he is entitled to sue Continental for age discrimination under the Age Discrimination in Employment ACT ("ADEA"), 29 U.S.C. § 623. Continental says that no fraud occurred, and, in a counterclaim, alleges that it is entitled to recover attorneys fees for Raybon's breach of the Agreement (by bringing this lawsuit). Continental moved the district court for summary judgment on Raybon's claim and on its counterclaim. The court granted both motions. Raybon now appeals.

In his complaint, Raybon alleges that Continental told him that his position as Key Account Manager for the Wal-Mart and Sam's Club accounts had been eliminated, when, in fact, Continental had not eliminated the position at all, but, instead, had replaced him with a younger employee. In other words, Continental fraudulently induced him into executing the Settlement Agreement. Evidence of

---

[1] It is not disputed that Raybon, in executing the Settlement Agreement, waived any claim he might have based on age discrimination. Raybon seeks to avoid the waiver by contending that he was fraudulently induced to enter into the Agreement.

the fraud, he says, lies in the fact that his successor assumed his (Raybon's) job assignment, that he had a favorable job performance, and that it is questionable whether Continental needed to combine his duties with those of other positions.

In considering a motion for summary judgment, the district court views the evidence, and the inferences it reasonably yields, in the light most favorable to the non-movant. The district court did that in this case, and we do so on appeal.

Section 201 of the Older Workers Benefit Protection Act ("OWBPA") prohibits a waiver of ADEA rights unless the waiver is "knowing and voluntary." 29 U.S.C. § 626(f)(1). An ADEA waiver is "knowing and voluntary" when several statutory requirements have been met. 29 U.S.C. § 626(f)(1)(A)-(H). "[N]onstatutory circumstances, such as fraud, duress, or coercion in connection with the execution of the waiver, may render an ADEA waiver not 'knowing and voluntary.'" Griffin v. Kraft General Foods, Inc., 62 F.3d 368, 373-74 (11th Cir. 1995). Under Alabama law, "[t]he elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence." Brushwitz v. Ezell, 757 So.2d 423, 429 (Ala. 2000).

Raybon's job was eliminated when the duties that he previously performed

3

were combined with other duties in a new position. There is no doubt about this. Raybon's successor performed not only Raybon's former duties, but significant other duties as well. Thus, Continental did not misrepresent a material fact when it told Raybon that it was combining his job with others. Furthermore, even if we were to assume that a misrepresentation occurred, Raybon's reliance on it was not reasonable because, at the time he signed the Separation Agreement, Raybon had the job description for the new position, had read it, and had noticed the similarities between its duties and his former duties – all of which was sufficient to put him on notice that all of his duties, i.e., his entire job, had not been eliminated. In short, the district court properly granted Continental summary judgment on Raybon's ADEA claim.

Raybon contends that the court erred in relying on the parties' joint statement of agreed facts, rather than considering all of the evidence in the record. He asserts that this was error because a joint statement, by definition, includes only those facts the parties have agreed upon, not the disputed facts favorable to the non-moving party. We are not persuaded. Why? Because Raybon points to nothing favorable to him that the district court failed to consider.

Turning to Continental's counterclaim, we must conclude that because Continental was entitled to summary judgment on Raybon's age discrimination

4

claim – meaning that the claim was baseless as a matter of law – Continental was

entitled to summary judgment on its counterclaim. In pursuing a baseless claim of

age discrimination, Raybon breached the Separation Agreement.

AFFIRMED.